JUDGE HOLWELL    07 CV    6388

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CARLOS FLORES,

                              Plaintiff,

-against-

CITY OF NEW YORK, and JOHN AND JANE DOES 1 Through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants,

-------------------------------------------------------------------------X

**COMPLAINT**

Index No.

Jury Trial Demanded

JUL 13 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff CARLOS FLORES, individually, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the States of New York and the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff CARLOS FLORES is a citizen of the United States, and at all relevant times was a resident of the State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOES 1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On or about August 16, 2006, at approximately 4:30 a.m., plaintiff CARLOS FLORES was lawfully present inside 1990 Lexington Ave., Apt. 28B, New York, New York.

13. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or any just cause illegally entered 1990 Lexington Ave., Apt. 28B, New York, New York with force.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, threatened CARLOS FLORES at gunpoint and subjected CARLOS FLORES to excessive force by striking him about the head, and striking the plaintiff in the head/face with an object.

15. Plaintiff was subjected to excessively tight handcuffing, unlawfully imprisoned, and taken to Metropolitan Hospital for the injuries inflicted by the NYPD officers.

16. Plaintiff was then taken to the 25th precinct, where the defendants concocted false charges to cover up their abuse of the plaintiff and deliberately disregarded plaintiff's serious medical injuries.

17. Plaintiff was advised by defendants that he did nothing wrong and released from custody.

18. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

19. As a result of the foregoing, plaintiff CARLOS FLORES sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

20.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "19" with the same force and effect as if fully set forth herein.

21.   All of the aforementioned acts of defendants, their agents, servants and employees, including the arrest and detention of the plaintiff without probable cause, were carried out under the color of state law.

22.   All of the aforementioned acts deprived plaintiff CARLOS FLORES of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

23.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

24.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

25.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

4

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "25 with the same force and effect as if fully set forth herein.

27. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff CARLOS FLORES' constitutional rights.

28. As a result of the aforementioned conduct of defendants, plaintiff CARLOS FLORES was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants had an affirmative duty to intervene on behalf of plaintiff CARLOS FLORES, whose constitutional rights were being violated in their presence by other officers.

31. The defendants failed to intervene to prevent the unlawful conduct described herein.

33. As a result of the foregoing, plaintiff CARLOS FLORES' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause, and subjected to unlawful and excessive force. Further, plaintiff sustained severe and permanent physical injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

36. As a result of the foregoing, plaintiff CARLOS FLORES was deprived of his liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants arrested plaintiff CARLOS FLORES without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39. Defendants caused plaintiff CARLOS FLORES to be falsely arrested and unlawfully imprisoned.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. The aforementioned customs, policies, usages, practices, procedures and rules of

the New York City Police Department included, but were not limited to committing acts of brutality and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff CARLOS FLORES' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff CARLOS FLORES.

44. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff CARLOS FLORES as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff CARLOS FLORES as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff CARLOS FLORES was unlawfully beaten, otherwise subjected to physical abuse, detained, and incarcerated.

47. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff CARLOS FLORES' constitutional rights.

48. All of the foregoing acts by defendants deprived plaintiff CARLOS FLORES of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest;

    C. To be free from excessive force;

    D. To be free from the failure to intervene.

49. As a result of the foregoing, plaintiff CARLOS FLORES is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## Supplemental State Law Claims

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

52. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

53. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

54. Plaintiff has complied with all conditions precedent to maintaining the instant

8

action.

55. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

56. Plaintiff repeats reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. As a result of the foregoing, plaintiff CARLOS FLORES was placed in apprehension of imminent harmful and offensive bodily contact.

58. As a result of defendants' conduct, plaintiff CARLOS FLORES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants made offensive contact with plaintiff without privilege or consent.

61. As a result of defendants' conduct, plaintiff CARLOS FLORES has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

9

63. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

64. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

65. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

66. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff CARLOS FLORES.

67. As a result of the aforementioned conduct, plaintiff CARLOS FLORES suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### AS AND FOR A TENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants arrested plaintiff CARLOS FLORES without probable cause.

70. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

71. As a result of the aforementioned conduct, plaintiff CARLOS FLORES was unlawfully imprisoned in violation of the laws of the State of New York.

72. As a result of the aforementioned conduct, plaintiff CARLOS FLORES suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff CARLOS FLORES.

75.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff CARLOS FLORES.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

82. As a result of the foregoing, plaintiff CARLOS FLORES is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CARLOS FLORES demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
July 13, 2007

> LEVENTHAL & KLEIN, LLP
> 45 Main Street, Suite 820
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)
>
> Attorneys for Plaintiff Carlos Flores

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CARLOS FLORES,

                                                                             Plaintiff,

    -against-

CITY OF NEW YORK, and JOHN AND JANE DOES 1 Through10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                                             Defendants,

-------------------------------------------------------------------------X


## COMPLAINT


                                   LEVENTHAL & KLEIN, LLP
                                   Attorneys for the Plaintiffs
                                   45 Main Street, Suite 820
                                   Brooklyn, New York 11201
                                   (718) 722-4100