UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

CARLOS FLORES,

                              Plaintiff,

-against-

CITY OF NEW YORK, and JOHN AND JANE DOES 1
Through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                             Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANT CITY OF NEW YORK TO PLAINTIFF'S COMPLAINT**

07 Civ. 6388 (RJH)

Jury Trial Demanded

       Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

       1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

       4.    Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to base venue as stated therein.

       5.    Paragraph "5" sets forth a demand for a jury trial, rather than an averment of fact, and accordingly no response is required.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7.  Admits the allegations set forth in paragraph "7" of the complaint.

8.  Paragraph "8" of the complaint states a legal conclusion to which no response is required, except admits that the City maintains a Police Department, and respectfully refers the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff was taken to Metropolitan Hospital.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "19" inclusive of this answer, as if fully set forth herein.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "25" inclusive of this answer, as if fully set forth herein.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "28" inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "33" of the complaint.[1]

33. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "32" inclusive of this answer, as if fully set forth herein.

---

[1] Plaintiff's Complaint does not contain a paragraph numbered "32."

34. Denies the allegations set forth in paragraph "35" of the complaint.

35. Denies the allegations set forth in paragraph "36" of the complaint.

36. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "35" inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "38" of the complaint.

38. Denies the allegations set forth in paragraph "39" of the complaint.

39. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "38" inclusive of this answer, as if fully set forth herein.

40. Denies the allegations set forth in paragraph "41" of the complaint.

41. Denies the allegations set forth in paragraph "42" of the complaint.

42. Denies the allegations set forth in paragraph "43" of the complaint.

43. Denies the allegations set forth in paragraph "44" of the complaint.

44. Denies the allegations set forth in paragraph "45" of the complaint.

45. Denies the allegations set forth in paragraph "46" of the complaint.

46. Denies the allegations set forth in paragraph "47" of the complaint.

47. Denies the allegations set forth in paragraph "48" of the complaint and its subparts.

48. Denies the allegations set forth in paragraph "49" of the complaint.

49. In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "48" inclusive of this answer, as if fully set forth herein.

- 5 -

50. Denies the allegations set forth in paragraph "51" of the complaint, except admits that a document purporting to be a notice of claim was received by the City of New York on or about September 18, 2006.

51. Denies the allegations set forth in paragraph "52" of the complaint, except admits that a document purporting to be a notice of claim was received by the City of New York on or about September 18, 2006.

52. Denies the allegations set forth in paragraph "53" of the complaint, except admits that this action commenced on or about July 13, 2007.

53. Paragraph "54" of the complaint states a legal conclusion to which no response is required.

54. Paragraph "55" of the complaint states a legal conclusion to which no response is required.

55. In response to the allegations set forth in paragraph "56" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "54" inclusive of this answer, as if fully set forth herein.

56. Denies the allegations set forth in paragraph "57" of the complaint.

57. Denies the allegations set forth in paragraph "58" of the complaint.

58. In response to the allegations set forth in paragraph "59" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "57" inclusive of this answer, as if fully set forth herein.

59. Denies the allegations set forth in paragraph "60" of the complaint.

60. Denies the allegations set forth in paragraph "61" of the complaint.

61. In response to the allegations set forth in paragraph "62" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "60" inclusive of this answer, as if fully set forth herein.

62. Denies the allegations set forth in paragraph "63" of the complaint.

63. Denies the allegations set forth in paragraph "64" of the complaint.

64. Denies the allegations set forth in paragraph "65" of the complaint.

65. Denies the allegations set forth in paragraph "66" of the complaint.

66. Denies the allegations set forth in paragraph "67" of the complaint.

67. In response to the allegations set forth in paragraph "68" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "66" inclusive of this answer, as if fully set forth herein.

68. Denies the allegations set forth in paragraph "69" of the complaint.

69. Denies the allegations set forth in paragraph "70" of the complaint, except admits that plaintiff was arrested.

70. Denies the allegations set forth in paragraph "71" of the complaint.

71. Denies the allegations set forth in paragraph "72" of the complaint.

72. In response to the allegations set forth in paragraph "73" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "71" inclusive of this answer, as if fully set forth herein.

73. Denies the allegations set forth in paragraph "74" of the complaint.

74. Denies the allegations set forth in paragraph "75" of the complaint.

75.  In response to the allegations set forth in paragraph "76" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "74" inclusive of this answer, as if fully set forth herein.

76.  Denies the allegations set forth in paragraph "77" of the complaint.

77.  In response to the allegations set forth in paragraph "78" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "76" inclusive of this answer, as if fully set forth herein.

78.  Denies the allegations set forth in paragraph "79" of the complaint.

79.  In response to the allegations set forth in paragraph "80" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" to "78" inclusive of this answer, as if fully set forth herein.

80.  Denies the allegations set forth in paragraph "81" of the complaint.

81.  Denies the allegations set forth in paragraph "82" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

82.  The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

83.  Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

84.  Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

85. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

86. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

88. There was probable cause to arrest and prosecute plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

89. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

90. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS FOR A TENTH AFFIRMATIVE DEFENSE

91. At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably in the proper and lawful exercise of its discretion.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 12, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant City of New York
                              100 Church Street
                              New York, New York 10007
                              (212) 788-8084

                              By:   *David M. Hazan* (signature)
                                    David M. Hazan (DH-8611)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:   **BY FIRST CLASS MAIL**
      Brett H. Klein, Esq.
      Attorney For Plaintiff
      Leventhal & Klein LLP
      45 Main Street, Suite 820
      Brooklyn, New York 11201

Docket No.: 07 Civ. 6388 (RJH)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| CARLOS FLORES,<br><br>                                                  Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK, and JOHN AND JANE DOES 1 Through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>                                                  Defendants. |
| **ANSWER TO COMPLAINT BY DEFENDANT CITY OF NEW YORK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: David M. Hazan*<br>*Tel: (212) 788-8084* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y.* ........................................................,2007.<br><br>.............................................................................. *Esq.*<br><br>*Attorney for* ........................................................... |

- 10 -

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, David M. Hazan, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on October 12, 2007, I served the annexed Answer of Defendant City of New York, by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

>Brett H. Klein, Esq.
>Attorney For Plaintiff
>Leventhal & Klein LLP
>45 Main Street, Suite 820
>Brooklyn, New York 11201

Dated: New York, New York
       October 12, 2007

_____
David M. Hazan
Assistant Corporation Counsel
Special Federal Litigation Division